**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**ROBERT LEE HINSON, JR**

      **Plaintiff,**

**vs.**                                      **CASE NO. 1:09cv117-MP/AK**

**FLORIDA BAR ASSOCIATION, et al.,**

      **Defendants.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, submitted a civil rights complaint, (doc. 1), and was granted leave to proceed in forma pauperis. (Doc. 4). Plaintiff then moved to supplement his complaint and attach all his previous cases. (Doc. 5). The motion to supplement is **GRANTED**, and because he is on the court's three strikes list, it is recommended that the previous order granting him leave to proceed be **VACATED** and this cause **DISMISSED**.

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

    . . . if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had *at least* three prior prisoner actions dismissed within this District alone on the grounds that they were frivolous, malicious, or failed to state a claim.  The dismissed cases include: case 3:99cv385-RV (dismissed as malicious); 3:99cv473-LAC (dismissed for failure to state a claim), and 3:08cv439-MCR (dismissed as frivolous).

The instant complaint does not bring him within the "imminent danger" exception. *See* doc. 1.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis*.  Furthermore, because Plaintiff did not pay the filing fee at the time he submitted this civil rights action, this case must be dismissed.  The Eleventh Circuit Court of Appeals has clarified that the proper procedure in such a situation is not to give the inmate time in which to pay the fee, rather dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).  Thus, this case must be dismissed under 28 U.S.C. § 1915(g).

In light of the foregoing, it is respectfully **RECOMMENDED** that the Order

granting leave to proceed (doc. 4) be **VACATED**, and this case be **DISMISSED** under

28 U.S.C. § 1915(g).

**IN CHAMBERS** at Gainesville, Florida, this __*22nd*__ day of May, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.